**UNITED STATES of America, Appellee,**

v.

**Evonna Victoria JOHNSON, Appellant.**

No. 91–3694.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1992.
Decided July 10, 1992.

Michael W. McNabb, Burnsville, Minn., argued, for appellant.

Margaret T. Burns, Minneapolis, Minn., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Evonna V. Johnson appeals from her conviction for possession with intent to distrib-

ute cocaine base, in violation of 21 U.S.C. 841(a)(1). We affirm.

## I.

On February 13, 1991, Minneapolis police officers executed a search warrant at Johnson's residence. The first officer to enter the residence testified that he saw two black females—Johnson and Demellon Horton—in the home. After the officers entered the home, Johnson was seen running into the bedroom and throwing a red pantyhose bag out of the window.

The police seized the red bag, which contained thirteen grams of cocaine base, and arrested Johnson. Following her conviction, Johnson was sentenced to 120 months' imprisonment. She now appeals from three evidentiary rulings made by the district court.

## II.

"The admissibility of evidence is primarily a determination to be made by the district court ..., and [we] will not substitute its judgment unless there has been an abuse of discretion." *United States v. Abodeely*, 801 F.2d 1020, 1022 (8th Cir. 1986) (citation omitted).

■ Johnson first argues that the district court abused its discretion by excluding evidence that one of the government's witnesses, Officer Doran, had been suspended from the police department for three days without pay in May 1991 for having left in-service training without permission, having worked on an off-duty job during a period of in-service training, and having lied to his supervisor about when he had reported to the off-duty job. Defense counsel sought to introduce the letter of suspension, pursuant to Federal Rule of Evidence 608(b), to impeach Doran's credibility.[1] The district court refused to admit the letter and refused to allow defense counsel to cross-examine Doran about the substance of the letter.

■ Federal Rule of Evidence 608(b) does not permit specific instances of a witness' conduct to be proved by extrinsic evidence. *United States v. Martz*, 964 F.2d 787, 788–89 (8th Cir.1992). "The purpose of barring extrinsic evidence is to avoid mini-trials on peripherally related or irrelevant matters." [2] *Id.* To the extent that such evidence is ever admissible, the introduction of extrinsic evidence to attack credibility is subject to the discretion of the trial court. *Id.* at 788–89; *United States v. Capozzi*, 883 F.2d 608, 615 (8th Cir.1989), *cert. denied*, 495 U.S. 918, 110 S.Ct. 1947, 109 L.Ed.2d 310 (1990). Given the broad discretion granted to the trial court and Rule 608(b)'s stricture against the introduction of such evidence, we conclude that the district court did not err in refusing to admit the letter of suspension.

Although Rule 608(b) states that specific instances of past conduct "may, however, in the discretion of the court, ... be inquired into on cross-examination," the district court did not allow defense counsel to inquire into the circumstances surrounding Doran's suspension. The district court did, however, allow the prosecution to impeach Ms. Horton, who testified that it was she who threw the cocaine base out of the window, with a pending charge of giving a false name to a police officer.

Defense counsel objected to the government's attempt to impeach Ms. Horton with the testimony that she had given a false name to the police, arguing that that evidence should be ruled inadmissible in view of the district court's earlier ruling prohibiting cross-examination regarding Doran's suspension. The district court resolved the apparent inconsistency by concluding that the two situations did not "fall in the same category." The court noted that when the police questioned Horton at Johnson's residence, she gave them a false name; when

---

1. Although the record does not reflect defense counsel's offer of the letter of suspension, we accept counsel's representation that he offered it under Rule 608(b).

2. The government states that it would have offered evidence to show that Doran was exonerated on the charges contained in the letter and that thus there would have been a "mini-trial" on this collateral issue.

the police arrested Horton on another occasion, she gave the police a false name. The district court determined that evidence of Doran's internal suspension, in contrast, was "totally unrelated" to the issues involved in Johnson's trial.

As an additional reason for its ruling, the district court stated that "[i]nternal affairs investigations must, need to and have to reside within police departments." The court added that "a minor ... investigation report, ... should not be the public subject of cross examination of the witness at every time that he testifies [after] making an arrest."

■ We conclude that the district court did not abuse its discretion by disallowing questioning on the collateral issue of the internal police investigation. *See Martz*, at 788–89. We do not concur, however, in the district court's observation that the results of the investigations of the internal affairs of police departments must in all cases be ruled inadmissible for impeachment purposes. There may indeed be situations in which evidence from such internal investigations will bear heavily on the credibility of a testifying police officer. In such situations, a district court should deem itself free to allow such inquiries during cross-examination.

■ Johnson next argues that the district court erred by excluding evidence that would have established a motive for the police officers to testify falsely against her. Johnson sought to cross-examine prosecution witnesses about the investigation and prosecution of Johnson's estranged husband, Richard McElrath. Defense counsel sought to demonstrate that the police department's desire to insure McElrath's conviction was intense enough to provide a motive for the officers to testify falsely against Johnson for the purpose of coercing her into cooperating with them in the case against McElrath. After hearing defense counsel's offer of proof, the district court determined that this evidence was irrelevant.

Having reviewed the record, we conclude that the district court did not abuse its discretion by excluding this evidence.

Among other things, the investigation and prosecution of McElrath was based upon a search of a residence different from that searched in the present case. Additionally, McElrath was already in federal custody at the time Johnson's house was searched and she was arrested. Although evidence against McElrath was later suppressed by another court, the officers' reports regarding their arrest of Johnson had already been filed and their testimony before the grand jury already given at the time the suppression order was entered. Thus, their search of Johnson's residence and their account of the circumstances of her arrest could not have been motivated by any perceived need for further evidence against McElrath.

■ Finally, Johnson argues that the district court abused its discretion by excluding evidence of the potential penalty Ms. Horton faced by claiming that it was she who had thrown the crack out of the window. By establishing that Ms. Horton was aware that the penalty for possessing thirteen grams of crack was a sentence of not less than five years' imprisonment, Johnson sought to bolster Ms. Horton's credibility, on the assumption that no one would expose herself to that severe a penalty unless she had in fact committed the act giving rise to that penalty. The district court sustained the government's objection to this line of questioning.

Although the district court might well have decided to admit this proffered testimony, *cf.* Fed.R.Evid. 804(b)(3) (statement tending to subject declarant to criminal liability not excluded by hearsay rule), we conclude that it did not abuse its discretion by excluding this evidence.

We express our appreciation to appointed counsel for his zealous efforts on Johnson's behalf, both at trial and on appeal.

The judgment of conviction is affirmed.