# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2367

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Michael Scott Boyles, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 12, 2000

Filed: December 19, 2000

_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Michael Scott Boyles pleaded guilty to being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). Concluding Boyles had "three previous convictions . . . for a violent felony . . . committed on occasions different from one another," 18 U.S.C. § 924(e), the district court sentenced Boyles to the statutory mandatory minimum sentence of fifteen years in prison. On appeal, Boyles contends he does not qualify for sentencing under § 924(e) because his two second-degree criminal sexual conduct convictions were committed on the same occasion. According to Boyles, the district court erroneously considered the facts underlying the convictions to conclude

they were committed at different times. In Boyles's view, the district court is limited to the charging documents and statutory language. Contrary to Boyles's argument, Taylor v. United States, 495 U.S. 575 (1990) and U.S.S.G. § 4B1.1 do not limit the evidence a sentencing court may examine to decide whether earlier offenses were committed on different occasions. See United States v. Thomas, 211 F.3d 316, 318 n.3 (6th Cir. 2000); United States v. Hudspeth, 42 F.3d 1015, 1018 n.3 (7th Cir. 1994) (en banc). Indeed, our opinions on this issue have involved consideration of the specific facts underlying the earlier convictions. E.g., United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993).

Here, each assault complaint involves a different minor girl, and asserts Boyles molested the victim from February 1, 1992 through January 1, 1993. Further, Boyles's confession establishes the sexual misconduct occurred at separate times, when Boyles was alone with one of the girls. The district court correctly decided the offenses were separate and distinct criminal episodes, see id., and thus properly counted them as two separate felonies. The district court did not commit error in failing to apply the rule of lenity.

Boyles's conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.