UNITED STATES of America, Plaintiff,

v.

Mark William WEBER, Defendant.

Crim. No. 00–83 (PAM/RLE).

United States District Court, D. Minnesota.

Feb. 16, 2001.

conducted an extensive presentence investigation ("PSI") and has submitted a presentence report ("PSR") in this matter. *See* Fed.R.Crim.P. 32(c); 18 U.S.C. § 3552. The parties have pointed out two typographical errors in the PSR. On page F.2, the arrest date should be September 20, 1999, and Part A, ¶ 6 should read that Weber was driving northbound, not southbound, on Interstate 35.

The Government also objects to the PSR's conclusion that the Armed Career Criminal enhancement of 18 U.S.C. § 924(e)(1) does not apply to Defendant. (PSR ¶ 22.) The Government argues that two burglaries committed on the same day should not be considered the same offense for the purposes of the enhancement.

When determining whether to apply the Armed Career Criminal enhancement, the Court may examine the facts underlying the previous convictions. *United States v. Boyles,* 235 F.3d 1057, 1057 (8th Cir.2000). In this case, Defendant was convicted of burglarizing two homes in St. Cloud, Minnesota, on the same day, within a very short time frame. The Government argues that this case is factually indistinguishable from *United States v. Gray,* 85 F.3d 380 (8th Cir.1996). In that case, the Defendant burglarized two houses located very close to each other. The District Court found, and the 8th Circuit affirmed, that the Defendant could be subject to the Armed Career Criminal enhancement because the two burglaries were separate and distinct offenses. *Gray,* 85 F.3d at 380.

The facts underlying Defendant's convictions make this case distinguishable from the *Gray* case. Here, Defendant contends that he did not commit the second burglary, but rather that his friends committed the second burglary and then directed him to drive by the second house and pick up some of the property they stole. (Transcript of guilty plea in Nos. K7–90–1541 and K9–90–1542, Stearns County District

Bridgid Dowdal, U.S. Attorney, Minneapolis, MN, for plaintiff.

Keith Scott Belfry, Belfry Law Office, Cloquet, MN, for defendant.

## STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

## I. FINDINGS OF FACT

Pursuant to the Federal Rules of Criminal Procedure, the probation office has

Court, at 12–14.) Moreover, it is clear that the state court considered the burglaries to be one occurrence, because it sentenced Defendant to a single term for both burglaries. The Armed Career Criminal enhancement does not apply.

 The purpose of the Armed Career Criminal enhancement is "to identify the offender whose repeated aggressions against society pose a special danger to law-abiding persons" and to "isolate that person from society for a longer period of time." *United States v. Hudspeth*, 42 F.3d 1015, 1034 (7th Cir.1994) (en banc) (Ripple, J., concurring in part and dissenting in part). The enhancement targets career offenders—"those who commit a large number of fairly serious crimes as their means of livelihood, and who, because they possess weapons, present at least a potential threat of harm to persons." *Taylor v. United States*, 495 U.S. 575, 587–88, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Defendant does not meet this definition of career offender. There is no evidence that Defendant ever used or possessed a weapon in connection with any of the crimes he committed. Indeed, the evidence on which Defendant's instant conviction rests is a videotape, seized by the police from Defendant's car, showing Defendant with a gun in his mouth saying that he wished to commit suicide.

 Defendant is not an armed career criminal. He is, instead, an addict who possessed a weapon only as a means of harming himself. While his conduct was unlawful and certainly distressing, it is not "incorrigible [or] undeterrable." *United States v. Belton*, 890 F.2d 9, 10 (7th Cir. 1989). As Judge Ripple, joined by Chief Judge Posner and Judges Fairchild, Flaum, and Ilana Diamond Rovner, stated, whether a defendant's crimes bring him within the enhancement "must be evaluated in terms of the legislative intent in order to identify and segregate the true recidivist." *Hudspeth*, 42 F.3d at 1036 (Ripple, J., concurring in part and dissenting in part). Sentencing this Defendant to an additional nine years in prison because he considered using a gun to commit suicide simply does not further the intent of the Armed Career Criminal enhancement.

The Government's arguments stretch the intent behind the Armed Career Criminal enhancement as thin as it can be stretched. Given all of the facts of this case, the increase in Defendant's sentence is not warranted. The Court will therefore overrule the Government's objections, and, with the two minor changes noted above, the Court adopts the statements in the PSR (¶¶ 1 – 73) as its findings of fact.

## II. PURPOSES

 Defendant pled guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm. The sentence that the Court imposes is intended to punish Defendant and deter him from committing crimes in the future.

## APPLICATION OF THE GUIDELINES

The Court determines that the applicable guidelines are as follows:

| | |
|---|---|
| Total Offense Level: | 21 |
| Criminal History Category: | V |
| Imprisonment Range: | 70 to 87 months |
| Supervised Release: | 2 to 3 years |
| Fine Range: | $7,500 to $75,000 |
| Special Assessment: | $100 |

## III. SENTENCE

70 months' imprisonment. Three years' supervised release. Special assessment of $100.

## IV. STATEMENT OF REASONS

The Court imposes sentence within the range applicable to this Defendant and for this offense because the facts found are of the kind contemplated by the guidelines. The Court also finds that no aggravating or mitigating circumstances exist that were not adequately considered by the Sentencing Commission.

Defendant moved for an order requiring the Government to move for a downward departure under § 5K1.1, based on his

willingness to provide assistance to the authorities. The Defendant represented at sentencing that he made this motion in the event the Court determined that the Armed Career Criminal enhancement applied. Because the Court has determined that the enhancement does not apply, the Court will deny the Defendant's Motion without prejudice.

During the period of supervised release, Defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission. He shall not commit any federal, state, or local crimes. He shall not possess any firearms, dangerous weapons, or destructive devices.

Defendant shall abstain from the use of alcohol and other intoxicants and shall not frequent establishments whose primary business is the sale of alcoholic beverages. Defendant shall participate in a program for drug and alcohol abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. He is required to undergo mandatory drug testing as set forth in 18 U.S.C. §§ 3563(a) and 3583(d).

Further, Defendant shall participate in a psychological or psychiatric counseling or treatment program, as approved and directed by the probation officer.

The Court recognizes that Defendant is indigent. Therefore, because of Defendant's inability to pay, the Court does not order Defendant to pay a fine or costs of supervision. He is required to pay the $100 special assessment immediately.

The Court strongly recommends that the Bureau of Prisons place Defendant at the Federal Medical Center in Rochester, Minnesota, for a psychiatric examination and treatment. Defendant has attempted to take his own life, and has stated that he does not care if he lives or dies. Upon completion of treatment, the Court urges the Bureau of Prisons to place Defendant at the Federal Correctional Institution in Waseca so that he can participate in the 500–hour chemical dependency program. Defendant has struggled with chemical dependency for many years and is an ideal candidate for this program. Finally, upon completion of the 500–hour program, the Court recommends that Defendant be placed in an institution within Minnesota.