# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 07-40091
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHRISTOPHER HELM

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Christopher Helm ("Helm") appeals the 180-month sentence imposed following his conviction of one charge of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g). Helm argues that the district court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. Helm also argues that § 924(e) of the ACCA violates the due process clause, and that his sentence infringes on his Eighth Amendment rights. Finding no error, we affirm the judgment of the district court.

I

Christopher Helm was indicted on one charge of being a convicted felon in possession of a firearm. 18 U.S.C. § 922(g). The charge against Helm arose after officers were summoned to a hotel to investigate complaints of attempted burglary. The officers discovered Helm and found that he had a firearm on his person.

During arraignment, the government put Helm on notice that he was potentially subject to a sentencing enhancement under the ACCA based on his status as an armed career criminal. 18 U.S.C. § 924(e). Helm pleaded guilty to the charge against him. The district court found that Helm had the necessary prior convictions to justify his treatment as an armed career criminal under the ACCA and sentenced him to the 180-month statutory minimum.

II

We review a district court's interpretation and application of a sentence enhancement provision de novo.[1] United States v. Montgomery, 402 F.3d 482, 485 (5th Cir. 2005). Helm raises due process and Eighth Amendment arguments related to his sentence for the first time in this appeal. Therefore, as related to those arguments, we review Helm's sentence only for plain error. See United States v. Jones, 489 F.3d 679, 681 (5th Cir. 2007) (recognizing that errors not preserved at trial level are to be reviewed for plain error). Under the plain error framework, Helm must show that (1) there was legal error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Id.

III

---

[1] The government contends that Helm raises this error for the first time on appeal, and thus that this issue should be reviewed for plain error. However, Helm raised an objection during his sentencing hearing to his being treated as an armed career criminal under the ACCA despite the fact that he admitted that the statute, based on its text, appears to apply to him. Therefore we treat his objection as preserved and review it accordingly.

A

The ACCA imposes a mandatory fifteen-year sentence on a felon who has been convicted of the unlawful possession of a firearm, and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e).  In the instant case, Helm's sentence was enhanced due to three prior convictions, all burglary offenses.  As admitted by Helm at sentencing, each of these convictions qualifies as a "violent felony" for the purposes of the ACCA.  While Helm admits that he falls under the letter of § 924(e), he argues that he should not be treated as an armed career criminal under the ACCA because his felonies were committed when he was 18 years old, and because at the time of sentencing he claimed to be an addict of methamphetamine. Specifically, Helm argues that Congress did not intend § 924(e) to target criminals in Helm's situation, presumably those with older qualifying convictions and current drug addictions, even if they meet the statute's requirements.  Neither the statute nor any caselaw suggest that the age of a qualifying conviction impacts the application of the ACCA.   In arguing that he falls outside the purposes of the statute, Helm relies exclusively on a district court case from Minnesota, United States v. Weber, 132 F. Supp. 2d 1202 (D. Minn. 2001).  However, Weber provides no relief for Helm.  In Weber the court determined that the ACCA should not apply to Weber because two burglaries committed on the same day were deemed one offense, and therefore Weber did not meet the ACCA's three-conviction requirement to qualify as an armed career criminal. Id. at 1204.  Weber does not suggest that an offender who meets the ACCA's requirements might somehow avoid its mandatory minimum sentence.  Because Helm provides no reason to deviate from the statute's text, the statute applies to Helm as clearly written.  The district court did not err in determining that the ACCA applies to Helm.

B

Helm argues on appeal that the application of § 924(e) violates the due process clause because the statute enhances his punishment based on facts (i.e., the existence of his convictions) that were not submitted to a jury nor proved beyond a reasonable doubt. Helm's argument fails to meet the first step of plain error review, a showing of error. Helm recognizes that his due process argument is foreclosed by circuit precedent but raises it to preserve possible review by the Supreme Court. We have recognized that § 924(e) operates as a sentencing enhancement. As such, we have held that the existence of prior convictions need not be found by a jury. See United States v. White, 465 F.3d 250, 254 (5th Cir. 2006); United States v. Affleck, 861 F.2d 97, 99 (5th Cir. 1988). Our prior holdings control in this case. The district court did not err in sentencing Helm as it did.

C

Finally, Helm argues that his sentence under the ACCA violates the Eighth Amendment because it amounts to cruel and unusual punishment. Here again, Helm fails to show any legal error in the district court's sentence. Helm argues that the application of § 924(e) to him amounts to a punishment grossly disproportionate to the crime committed. In Harmelin v. Michigan, the Supreme Court upheld a mandatory life sentence without the possibility of parole for one drug conviction in the face of an Eighth Amendment challenge. 501 U.S. 957 (1991). There the Court recognized that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." Id. at 994-95. We have upheld the federal "three strikes" law, 18 U.S.C. § 3559(c), against an Eighth Amendment proportionality challenge. United States v. Martin, 431 F.3d 846, 853 (5th Cir. 2005). Helm's is not a life sentence, and his enhancement is based on his involvement in a series of "violent felonies." In comparison to Martin and Harmelin, it is clear that the application of the ACCA to Helm does

not violate the Eighth Amendment. In so holding, we join the other circuits that have considered an Eighth Amendment challenge to the ACCA. See, e.g., United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000 (upholding ACCA against Eighth Amendment challenge); United States v. Cardoza, 129 F.3d 6, 18 (1st Cir.1997) (same) ; United States v. Rudolph, 970 F.2d 467, 469-70 (8th Cir. 1992) (same); United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989) (same); United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989) (same); United States v. Dombrowski, 877 F.2d 520, 526 (7th Cir.1989) (same); United States v. Baker, 850 F.2d 1365, 1372 (9th Cir. 1988) (same).

IV

For the foregoing reasons we AFFIRM the sentence of the district court.