# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2091

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ricky Lee Kearney, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: April 24, 2009
Filed: May 11, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ricky Lee Kearney appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that two of the burglaries underlying Kearney's armed-career-criminal status were not separated by an intervening arrest and that they constituted a continuous course of conduct. Accordingly, he maintains that the two burglaries did not occur on occasions different

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

from one another for purposes of 18 U.S.C. § 924(e)(1) (stating in relevant part that § 922(g) offender who has three prior convictions for violent felony committed on occasions different from one another is subject to minimum sentence of 15 years in prison).

The court correctly determined that the burglaries at issue, which occurred in different states and involved different victims, were committed on occasions different from one another. Cf. United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993) (assaults on two different victims that occurred within 25 minutes of one another, but in separate places, were separate criminal episodes for section 924(e) purposes). Section 924(e)(1) does not require an intervening arrest, only that the offenses occurred at different times. See United States v. Gibson, 928 F.2d 250, 254 (8th Cir. 1991).

Further, having reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____