NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0261n.06

No. 12-5349

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Mar 14, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| v. | ) | KENTUCKY |
| | ) | |
| KEVIN J. MCCORMICK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. A jury convicted Kevin McCormick of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court designated McCormick as an armed career criminal under 18 U.S.C. § 924(e)(1) and sentenced him to the mandatory minimum of 15 years' imprisonment. On appeal, McCormick challenges his conviction and his sentence. We affirm.

I.

On October 1, 2010, McCormick's girlfriend, Angela Smith, called the police to report that, earlier that evening, McCormick had hit her and thrown her to the ground. She also said that McCormick had several guns in his home despite being a convicted felon. Based on this information, three officers—Chris Baker, Jeremy Moore, and Chris Steward—went to McCormick's

home to investigate.

When the officers arrived, McCormick came out onto the front porch of his single-wide trailer and talked to them. McCormick appeared drunk, but had no trouble standing, walking, or answering questions. After a few moments, McCormick asked if he could go back inside. Officer Baker told him that he could not; that he had to stay on the porch and continue the conversation. According to the officers, McCormick replied "let's go in and talk about it" and walked into the trailer. The officers followed.

Once inside, McCormick walked through the living room, through the kitchen, and into a hallway by the bedroom. Officer Steward, fearing that McCormick was going to get a weapon, ordered him to stop. McCormick ignored him. Steward then grabbed McCormick's arm and, after a brief struggle, managed to handcuff him with the help of the other officers.

While Steward and Baker took McCormick outside, Officer Moore saw what appeared to be a rifle at the end of the hallway by McCormick's bedroom. He walked over to the object, examined it, and realized it was actually a BB gun. As Moore turned to leave, however, he noticed three guns sticking out from under a bed in the bedroom. Moore walked to the bed and pulled out the guns. He also pulled out a fourth gun that was alongside the other three. The officers seized all four guns—two shotguns, one rifle, and one combination gun (i.e., a rifle with an exchangeable shotgun barrel).

McCormick was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He filed a motion to suppress the guns, arguing that the officers had violated the Fourth Amendment when they entered his home without a warrant. The district court held a

hearing and found that McCormick consented to the officers' entry into his home. The court therefore denied the motion.

A jury later found McCormick guilty. The court designated McCormick as an armed career criminal under 18 U.S.C. § 924(e)(1) and sentenced him to the mandatory minimum of 15 years in prison. This appeal followed.

## II.

### A.

McCormick challenges his conviction in four ways. First, he argues that the district court should have granted his motion to suppress because he did not consent to the officers' entry into his home. We review the court's finding of consent for clear error, viewing the evidence in the light most favorable to the government. *See United States v. Perry*, 703 F.3d 906, 908 (6th Cir. 2013).

Here, the district court found that McCormick came out onto his front porch, talked briefly with the officers, and then asked if he could go back inside. When Officer Baker said that McCormick had to stay on the porch, McCormick told the officers "let's go in and talk about it" and then walked back inside. Based on these facts, the district court found that McCormick had consented to the officers' entry into his home.

McCormick gave a different account of the night's events. He testified that he came out onto his front porch, talked to an officer, and then walked down his front steps to the sidewalk. At that point, he said, Officer Steward tased him for no reason. But the district court found that McCormick's testimony was not credible; indeed, the court found that McCormick did not have "a single piece of evidence [that] corroborate[d] [his] testimony[.]" McCormick has not provided any

corroborating evidence here either, so the court did not clearly err in finding that he consented to the officers' entry into his home.

The district court also found that McCormick's consent was voluntary. In particular, the court credited the officers' testimony that, although McCormick was drunk, he had no trouble standing, walking, or answering questions. McCormick does not challenge this finding on appeal, so the court did not clearly err in finding that his consent was voluntary. *See United States v. Fletcher*, 295 F. App'x 749, 757 (6th Cir. 2008).

Second, McCormick argues that the district court erred when it excluded evidence showing that he was allowed to possess the guns at issue under Kentucky law. In McCormick's view, this evidence proves that he did not "knowingly" possess a firearm in violation of 18 U.S.C § 922(g)(1). The district court held, however, that McCormick's reliance on Kentucky law was "irrelevant to the charge of violating § 922(g)(1)." We review that decision for an abuse of discretion. *See United States v. Stepp*, 680 F.3d 651, 660 (6th Cir. 2012).

Section 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce any firearm[.]" (Punctuation omitted.) Section 924(a)(2) in turn requires that any violation of section 922(g)(1) be "knowing[.]" But taken together, these statutes only require that McCormick "kn[ew] that he [was] in possession of a firearm[.]" *United States v. Davis*, 27 F. App'x 592, 600 (6th Cir. 2001); *see also United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996) (collecting cases). They do not require that McCormick "knew that his possession of [the] firearm was illegal." *United States v. Beavers*, 206 F.3d 706, 708 (6th Cir. 2000)

(interpreting 18 U.S.C. § 922(g)(9)). Thus, McCormick's belief that he could possess the guns at issue under Kentucky law has no bearing on whether he "knowingly" possessed them. The district court did not abuse its discretion here.

Third, McCormick argues that the court erred when it denied his request for a jury instruction on the defense of entrapment by estoppel. To prove that defense, McCormick had to show that: "(1) a government agent announced that the charged conduct was legal; (2) [McCormick] relied on the agent's announcement; (3) [his] reliance was reasonable; and (4) given [his] reliance, prosecution would be unfair." *United States v. Triana*, 468 F.3d 308, 316 (6th Cir. 2006). We review for an abuse of discretion the court's denial of a requested jury instruction. *United States v. Theunick*, 651 F.3d 578, 589 (6th Cir. 2011).

McCormick alleges that, when he was released from prison in 1996, his state parole officer told him that he could not possess handguns, but said nothing about rifles and shotguns. Thus, McCormick says, his state parole officer announced that the charged conduct (i.e., possession of rifles and shotguns) was legal. But "representations or assurances by state or local officials lack the authority to bind the federal government to an erroneous interpretation of federal law." *United States v. Ormsby*, 252 F.3d 844, 851 (6th Cir. 2001). And here, McCormick relied on the advice of a state parole officer, not a federal one. So the district court did not abuse its discretion in refusing to instruct the jury on the entrapment-by-estoppel defense.

Fourth, McCormick argues that the evidence is insufficient to support his conviction. "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the

crime beyond a reasonable doubt." *United States v. Canal Barge Co.*, 631 F.3d 347, 355 (6th Cir. 2011) (quotation marks omitted). To convict McCormick under 18 U.S.C. § 922(g)(1), the government needed to prove three elements: first, that he had a previous felony conviction; second, that he knowingly possessed the guns listed in the indictment; and third, that those guns had traveled in or affected interstate commerce. *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010). At trial, the government proved that McCormick had at least two previous felony convictions; that there were two shotguns, one rifle, and one combination gun under his bed; and that those guns were manufactured outside of Kentucky. This evidence is sufficient to support McCormick's conviction.

B.

McCormick also challenges his sentence in two ways. First, he argues that the district court erred when it designated him as an armed career criminal. Under the Armed Career Criminal Act, "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1). McCormick does not dispute that he has three previous convictions for a violent felony. Nevertheless, he contends that the district court should not have counted those convictions against him because they were "ancient and stale and not indicative of the likelihood that McCormick would commit future crimes." But the Act does not make an exception for old convictions. *See United States v. Rodriguez*, 612 F.3d 1049, 1056 (8th Cir. 2010) (concluding that "Congress would have included a time limit had it wanted to do so"); *United States v. Helm*, 502 F.3d 366, 368 (5th Cir. 2007) (per curiam); *United States v. Underwood*, Nos. 95-5441, 95-5442, 1996 WL 536796, at *8 (6th Cir. Sept. 20, 1996). So this argument is meritless.

Second, McCormick argues that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment. In particular, he contends that the Act's 15-year mandatory minimum violates his right "to be free from a sentence that is disproportionate to the conduct constituting the offense of conviction[.]" But we have already rejected this argument. *See United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011). Thus, McCormick's sentence does not violate the Eighth Amendment.

The district court's judgment is affirmed.