**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2013

Lyle W. Cayce
Clerk

No. 12-10690
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHELLE JOHNSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-7-3

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pursuant to her guilty-plea conviction for conspiracy to steal Government property (cashing stolen IRS refund checks totaling approximately $114,000), Michelle Johnson received an above-Guidelines sentence of 60 months' imprisonment. She contends her sentence violates the Eighth Amendment because it is purposeless and grossly disproportionate to the seriousness of her crime of conviction, in violation of the prohibition against cruel and unusual punishment. U.S. Const. amend. VIII.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10690

Ordinarily, constitutional claims are reviewed *de novo*. *E.g.*, *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). Because Johnson did not raise an Eighth Amendment objection in district court to her sentence, however, review is only for plain error. *E.g.*, *United States v. Helm*, 502 F.3d 366, 367 (5th Cir. 2007). For reversible plain error, Johnson must show a forfeited error that is clear or obvious, and that affected her substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). She fails to do so.

The Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 288-90 (1983). When evaluating an Eighth Amendment proportionality challenge, the first step is to make a threshold comparison between the gravity of the charged offense and the severity of the sentence; if this comparison does not show the sentence is disproportionate, our analysis ends. *E.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316-17 (5th Cir. 1992). Our court looks to *Rummel v. Estelle*, 445 U.S. 263 (1980), as a benchmark. *See McGruder*, 954 F.2d at 317.

Johnson's 60-month prison sentence is not grossly disproportionate to the severity of her conspiracy offense when measured against the benchmark in *Rummel*, 445 U.S. at 284-85 (affirming life imprisonment for defendant convicted of obtaining $120.75 by false pretenses and sentenced under state "recidivist statute"). Accordingly, Johnson has not demonstrated the requisite clear or obvious error. *See United States v. Helm*, 502 F.3d at 368-69.

AFFIRMED.