NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA L. ALEXANDER, | No.    17-35385 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05371-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 5, 2020**
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

Laura L. Alexander appeals the district court's order affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act, 42 U.S.C. §§ 401–33, 1381–1383f.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

We review de novo the district court's order affirming the Commissioner's

denial of benefits.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (citing

*Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)).  The Commissioner's

decision may be set aside when the findings by the administrative law judge ("ALJ")

are "based on legal error or not supported by substantial evidence in the record."  *Id.*

(quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

"Where evidence is susceptible to more than one rational interpretation, the ALJ's

decision should be upheld."  *Id.* at 674–75 (quoting *Orn v. Astrue*, 495 F.3d 625, 630

(9th Cir. 2007)).

Because the parties are familiar with the facts and procedural history of the

case, we recite only those facts necessary to decide this appeal.

1.      The ALJ offered "'specific and legitimate reasons' supported by

substantial evidence in the record" for affording little weight to the opinions of Dr.

Frank F. Marinkovich, Alexander's primary care physician.  *Lester v. Chater*, 81

F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th

Cir. 1983)).  The ALJ properly identified a number of inconsistencies between the

doctor's opinions and his treatment notes, *see Valentine v. Comm'r Soc. Sec.*

*Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211,

1216 (9th Cir. 2005), and between the doctor's opinions and diagnostic studies, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), regarding the degree of Alexander's limitations.

The ALJ erred in discrediting Dr. Marinkovich's opinions on the basis that the doctor relied on Alexander's self-reported pain allegations, since there is no evidence that Dr. Marinkovich relied "more heavily" on Alexander's subjective self-reporting than on his assessment of the medical records and his examinations of Alexander. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008))); *Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999))); *see, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1122, 1228 (9th Cir. 2009) (discounting treating physician's opinion, where his prescription was based on claimant's subjective characterization of her symptoms, which were not credible). However, the error was harmless because the ALJ's decision was based on other specific and legitimate reasons that are supported by substantial evidence in the record. *See Batson v. Comm'r of Soc. Admin.*, 359

3

F.3d 1190, 1197 (9th Cir. 2004).

2.      The ALJ erred in concluding that Alexander could perform other jobs that exist in significant numbers in the national economy.  To reach her conclusion, the ALJ relied on the testimony of a vocational expert.  However, the expert's testimony was premised on an incomplete hypothetical that did not include all the limitations in the ALJ's residual functional capacity assessment of Alexander.  A hypothetical posed to a vocational expert "should 'set out all of the claimant's impairments.'" *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (quoting *Baugus v. Sec'y of Health & Human Servs.*, 717 F.2d 443, 447 (8th Cir. 1983)).  "If the hypothetical does not reflect all the claimant's limitations, . . . the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (first citing *Embrey v. Bowen,* 849 F.2d 418, 423 (9th Cir. 1988); and then citing *Gallant*, 753 F.2d at 1457).  Here, as part of her residual functional capacity assessment, the ALJ found that Alexander "is limited to frequent reaching of the upper extremities," but posed a hypothetical to the vocational expert that did not include any manipulative restrictions.  Therefore, the expert's testimony has no evidentiary value, and the ALJ's finding is not supported by substantial evidence.

The error was not harmless, even if the ALJ also relied on the Dictionary of Occupational Titles ("DOT"), because the government can carry its burden of proof

4

at step five only through use of the Medical–Vocational Guidelines or through testimony from a vocational expert. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).[1] In addition, the error was not inconsequential to the disposition because the vocational expert would not necessarily have agreed with the DOT had he been presented with the correct hypothetical. *See Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (noting that the DOT guides the analysis but the expert's testimony may conflict with the DOT); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (holding that if a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]"); SSR 00-4p, 2000 WL 1898704, at *2 (2000) ("Neither the DOT nor the [expert] evidence automatically 'trumps' when there is a conflict."); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'" (quoting *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) and collecting cases)).

On remand, the ALJ must reconsider her step five determination and pose a proper hypothetical to the vocational expert that accounts for all of Alexander's

---

[1] The Commissioner relies on *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993), but that case is distinguishable because the harmless error analysis in that case occurred at step four, not at step five. This is significant because the testimony of a vocational expert at step four is "useful, but not required." *Id.* at 681.

5

limitations.  *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001); *Atkins v. Chater*, 70 F.3d 529, 530 (9th Cir. 1995).

3.    Alexander raises a number of issues for the first time on appeal. Because these issues were not raised below, they are waived and we do not consider them.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006) (citing *Edlund*, 253 F.3d at 1158 n.7).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.  The parties shall bear their own costs.