NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES, | No. 24-7430 |
| Plaintiff-Appellee, | D.C. No. 3:19-CR-00226 RS |
| v. | MEMORANDUM* |
| EVAN MARTINEZ-DIAZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 12, 2026**
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.***

Evan Martinez-Diaz appeals his 72-month sentence, challenging the district

court's denial of his requests for a mitigating role reduction under U.S.S.G.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. 34(a)(2).

\*\*\* The Honorable Robert S. Huie, United States District Judge for the
Southern District of California, sitting by designation.

§ 3B1.2 and an acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a). We affirm.

1.    The district court did not err in denying Martinez-Diaz's request for a mitigating role reduction. Because Martinez-Diaz did not object to the adequacy of the district court's explanation at sentencing, we review for plain error. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 746–47 (9th Cir. 2011). "To be eligible for a minor role reduction, a defendant must prove 'by a preponderance of the evidence,' that he was 'substantially less culpable than the average participant in the criminal activity.'" *United States v. Chichande*, 113 F.4th 913, 920 (9th Cir. 2024) (quoting first *United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010) then U.S.S.G. § 3B1.2 cmt. n.3(A)). This inquiry proceeds under a three-part framework, taking into account the five factors set forth in comment 3(C) to U.S.S.G. § 3B1.2. *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022).

As the government argues, the probation officer here "did not recommend any aggravating or mitigating role adjustments," and Martinez-Diaz did not file objections as required by Rule 32(f)(1) of the Federal Rules of Criminal Procedure.[1] In his sentencing memorandum, Martinez-Diaz argued for the first

---

[1] Martinez-Diaz's reliance on *United States v. Klensch*, 87 F.4th 1159 (9th Cir. 2023) is unpersuasive. There, we found a defendant preserved his challenge

time that he was entitled to a four-level adjustment for minimal role under U.S.S.G. § 3B1.2(a). The memorandum neither identified any other participants nor attempted a comparative analysis of Martinez-Diaz's culpability. Instead, Martinez-Diaz offered conclusory assertions—unsupported by any citation to record evidence—that he was a minimal participant acting at the direction of others.

After hearing argument at the sentencing hearing, the district court denied Martinez-Diaz's request for a mitigating role adjustment based on findings that Martinez-Diaz was "a trusted courier for a substantial Mexican drug operation," "had direct contact with the source of supply," and "carried large quantities of very dangerous drugs." These considerations bear directly on the § 3B1.2 factors. *See, e.g.*, *Chichande*, 113 F.4th at 923 ("The Mitigating Role Guideline's commentary instructs the court to consider the 'nature and extent' of the defendant's acts, which reasonably includes the amount of drugs the defendant piloted."); *United States v. Rodriguez*, 44 F.4th 1229, 1235 (9th Cir. 2022) ("High-level or more-involved participants are likely to know more about the scope and structure of a criminal organization than are minor participants."); *United States v. Rodriguez-Castro*, 641

---

related to a minor-role reduction by objecting to the presentence investigation report ("PSR") and by arguing a comparative analysis was required at the sentencing hearing. *Id.* at 1163. Martinez-Diaz not only failed to object to the PSR, but raised no such argument below.

F.3d 1189, 1193 (9th Cir. 2011) (holding that the district court did not err in declining to award minor role reduction when it was "justifiably skeptical that th[e] amount of drugs transported would be entrusted to a minor player").

The district court did not plainly err by not providing a more expansive explanation. A district court is not required to "tick off the [§ 3B1.2] factors on the record to show that it considered them." *United States v.* Diaz, 884 F.3d 911, 916 (9th Cir. 2018). Instead, "we assume the district judge knew the law and understood his or her obligation to consider all of the sentencing factors" and find no procedural error where commentary factors "were thoroughly enumerated in the defendant's sentencing memorandum, and defense counsel pressed its points in argument to the court." *See id*.; *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (an "adequate explanation" for a sentence "may also be inferred from the PSR or the record as a whole").

Martinez-Diaz argues for the first time on appeal that the district court was required to *sua sponte* identify all twelve participants in the criminal scheme and conduct an assessment of comparative culpability. But Martinez-Diaz bore the burden of establishing his entitlement to a mitigating role reduction and did not perform any such analysis below. *See Rosas*, 615 F.3d at 1067 (stating that a defendant bears the burden of demonstrating "that he was a minimal or minor participant in the criminal activity"). The district court did not commit plain error

4

in declining to undertake a comparative analysis that the party with the burden of proof neither offered nor requested.

2.      The district court did not err in rejecting Martinez-Diaz's request for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1.  Under the Sentencing Guidelines, a district court has discretion to award a two-level downward adjustment to a defendant who "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  "A district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error."  *Rosas*, 615 F.3d at 1066 (citation omitted).  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility" and "is entitled to great deference on review."  U.S.S.G. § 3E1.1 cmt. n.5.

As the government emphasized at sentencing, Martinez-Diaz fled from law enforcement—discarding the drugs he was transporting in the process—and then subsequently contacted the Mexico-based source of supply.  Rather than surrendering, he then remained in Mexico for nearly a year before being arrested upon reentry into the United States.  The district court did not clearly err in concluding this conduct was not consistent with a genuine acceptance of responsibility.  *See* U.S.S.G. § 3E1.1 cmt. n.1(D)–(E).

On appeal, Martinez-Diaz cites his acceptance of the jury's verdict during conversations with a probation officer and his expression of regret at sentencing. But these statements "do not necessarily indicate that he showed genuine contrition for his actions, or that the district court clearly erred in denying a downward adjustment for acceptance of responsibility." *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017); *United States v. Scrivener*, 189 F.3d 944, 949 (9th Cir. 1999) ("[Defendant] has cited no cases which require a district court to credit a defendant's cursory expressions of contrition. Indeed, none exist.").

**AFFIRMED.**[2]

---

[2] In light of this disposition, we decline to address Martinez-Diaz's request that we remand to the district court with instructions regarding the law that would govern his resentencing.