UNITED STATES of America, Appellee,

v.

Gary HAMELL, also known as
Gary Hamell–El, Appellant.

UNITED STATES of America, Appellee,

v.

Raymond AMERSON, also known
as Raymond Amerson–Bey,
Appellant.

UNITED STATES of America, Appellee,

v.

Gerald HOPKINS, also known as Gerald
Hopkins–Bey, Appellant.

Nos. 92–2369EM, 92–2570EM, 92–3281EM.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided Sept. 2, 1993.

Rehearing Denied in No. 92–
2570—Oct. 18, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied in No. 92–2369—
Oct. 18, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied in No. 92-3281—
Nov. 8, 1993.

Jane C. Hogan, St. Louis, MO, argued for appellant in 92–2369.

Alfred A. Speer, II, St. Louis, MO, argued for appellant in 92–2570.

David L. Thornton, St. Louis, MO, argued for appellant in 92–3281.

John J. Ware, Special Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, PECK,* Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

While attempting to stop an automobile for running a stop sign, a police officer saw three men later identified as Gary Hamell, Raymond Amerson, and Gerald Hopkins (the defendants) throw handguns out the automobile windows. The police later recovered the handguns from the roadside. A jury convicted the defendants of being felons in possession of firearms in violation of 18 U.S.C. § 922(g)(1), but the convictions were reversed on appeal. *United States v. Amerson*, 938 F.2d 116 (8th Cir.1991). The Government sought to retry the defendants based on the original indictment, but because the district court scheduled the defendants' new trial beyond the Speedy Trial Act's time limit, *see* 18 U.S.C. § 3161(e) (1988), the district court dismissed the case without prejudice. The Government obtained a new indictment, and the defendants were retried and reconvicted. Hopkins's and Hamell's

---

sentences were enhanced under 18 U.S.C. § 924(e)(1). The defendants appeal, and we affirm.

■ First, Hopkins contends the district court abused its discretion in refusing to dismiss the original indictment with prejudice. The district court has the discretion to dismiss an indictment with or without prejudice, and the Speedy Trial Act does not favor either choice. 18 U.S.C. § 3162(a)(2) (1988); *United States v. Wiley*, 997 F.2d 378, 384 (8th Cir.1993). In deciding which form of dismissal is appropriate, the district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). The district court recognized it was responsible for inadvertently setting the case for trial beyond the time limit, Hopkins's offense was serious, the Government did not promote the delay to gain an advantage, Hopkins suffered no prejudice from the delay, and the administration of justice would be harmed if reprosecution were barred. We conclude the district court adequately considered the statutory factors and did not abuse its discretion in dismissing the original indictment without prejudice. *See Wiley*, 997 F.2d at 384.

■ Next, the defendants contend they were not indicted in the present action because the prosecutor misfiled the new indictment in the original action, where it was mislabeled as a superseding indictment and dismissed with the original indictment. We disagree. Before dismissing the original action, the district court was informed of the prosecutor's mistake and granted the prosecutor's request to file a copy of the new indictment in the present action. The defendants do not challenge the sufficiency of the new indictment or the district court's grant of the prosecutor's request to file a copy of the new indictment in this action. The filing mistake was a technical error that could be corrected without resubmitting the indictment to the grand jury, *see United States v. Mason*, 869 F.2d 414, 417 (8th Cir.), *cert. denied*, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); *United States v. Williams*, 798 F.2d 1024, 1037 (7th Cir.1986), and the defendants were not prejudiced because they knew the prosecutor had obtained a new indictment signed by the grand jury foreperson.

■ Because Hamell's sentence was enhanced under § 924(e)(1), Hamell also challenges the government's correction of a typographical error in the indictment's citation to § 924(e)(1) without the grand jury's approval. Because § 924(e) does not create a separate offense, the statutory citation was mere surplusage, and its correction did not invalidate the indictment. *See United States v. Washington*, 992 F.2d 785, 787 (8th Cir.1993).

■ The defendants also contend the district court should have permitted them to cross-examine the police officer who saw them throw the handguns from the automobile about the officer's later dismissal from the police department for using illegal drugs and for submitting false statements about his drug use to police investigators. We disagree. The district court has broad discretion to impose reasonable limits on cross-examination, and we will reverse only for a clear abuse of discretion and a showing of prejudice to the defendants. *United States v. Crump*, 934 F.2d 947, 953 (8th Cir.1991). Because the officer's dismissal two years after the defendants' arrest was unrelated to the events involved in the defendants' trial and the handguns found by the roadside corroborated the officer's testimony, the district court concluded evidence of the officer's dismissal was only marginally relevant and would merely confuse the issues and needlessly prolong the trial. We conclude the district court did not abuse its discretion by disallowing cross-examination on the reasons for the officer's dismissal. *See United States v. Johnson*, 968 F.2d 765, 766–67 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 481, 121 L.Ed.2d 386 (1992).

■ Amerson and Hamell argue the district court made several comments in front of the jury that adversely affected the overall fairness of the trial. Because Amerson and Hamell did not object to the comments, we review for plain error. *Williams v. Fermen-*

ta Animal Health Co., 984 F.2d 261, 263 (8th Cir.1993). We have carefully reviewed the transcripts, paying particular attention to the comments Amerson and Hamell challenge. The district court's comment on the defendants' right to testify or remain silent was a proper instruction under Carter v. Kentucky, 450 U.S. 288, 298, 101 S.Ct. 1112, 1118, 67 L.Ed.2d 241 (1981), and did not imply that the defendants should testify. In urging defense counsel to avoid repetition and to use less time in examining witnesses, the district court was only exercising its duty to control the courtroom by limiting testimony and requiring attorneys to frame questions properly. See United States v. Lueth, 807 F.2d 719, 728 & n. 4 (8th Cir.1986); United States v. Martin, 740 F.2d 1352, 1360 (6th Cir.1984). Finally, the district court's mention of a fact not in evidence was merely an example in its instruction of things the jury should not consider. Thus, we conclude the district court committed no error.

Hopkins contends the district court violated his due process rights by failing to review de novo the magistrate judge's findings and recommendations concerning Hopkins's motions to suppress and dismiss. This argument lacks merit. The record shows the magistrate judge did not consider these motions. The district court, having taken these motions with the case, had no findings or recommendations to review de novo.

■ Hopkins next asserts the district court should have granted his motion for judgment of acquittal because the evidence was insufficient to prove beyond a reasonable doubt that he possessed a firearm. We disagree. The police officer testified that he saw Hopkins receive a handgun from Amerson and then throw two handguns out the car window. The police later recovered these handguns from the roadside. We conclude this evidence, when viewed in the light most favorable to the verdict, is sufficient to support Hopkins's conviction. Amerson, 938 F.2d at 119; see United States v. Williams, 941 F.2d 682, 683 (8th Cir.1991).

■ Hopkins also claims the district court committed reversible error by beginning to instruct the jury on constructive possession when the evidence did not support that theo-

ry. Although we earlier directed the district court to instruct the jury on only actual possession, see Amerson, 938 F.2d at 119, we conclude the district court did not commit reversible error. Counsel objected, and the district court immediately corrected its mistake by telling the jury to disregard the partial instruction. The district court then properly instructed the jury on actual possession. This was adequate to remove the inapplicable constructive possession theory from the jury's consideration. See United States v. Gibbs, 904 F.2d 52, 60 (D.C.Cir.1990); United States v. Davis, 663 F.2d 824, 833 (9th Cir.1981); United States v. Egenberg, 441 F.2d 441, 444 (2d Cir.), cert. denied, 404 U.S. 994, 92 S.Ct. 530, 30 L.Ed.2d 546 (1971).

Hopkins contends the district court erroneously used his two 1968 assault convictions to enhance his sentence under § 924(e)(1). This section requires a minimum fifteen-year sentence if the defendant is convicted under § 922(g) and has three earlier convictions for violent felonies or serious drug offenses.

■ Hopkins first argues his assault convictions were constitutionally invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because his counseled guilty pleas were not understandingly and voluntarily made. Although the pre-Boykin record only shows that Hopkins pleaded guilty, we may consider evidence of the trial attorney's and judge's custom and practice to determine whether Hopkins understandingly and voluntarily pleaded guilty under the totality of the circumstances. See United States v. Young, 979 F.2d 1280, 1281 (8th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 1604, 123 L.Ed.2d 166 (1993); United States v. Washington, 886 F.2d 154, 156 (8th Cir.1989), cert. denied, 494 U.S. 1058, 110 S.Ct. 1529, 108 L.Ed.2d 768 (1990); United States v. Dickens, 879 F.2d 410, 411–12 (8th Cir.1989). In the present case, the attorney who represented Hopkins when he pleaded guilty in 1968 testified it was his and the trial judge's practice to make sure a defendant understood the facts of the case, the nature of the proceedings, and the rights the defendant would waive by pleading guilty. Hopkins

accepted a plea bargain, and he never sought postconviction relief based on incompetent counsel or an unknowing or involuntary plea. Based on the totality of the circumstances, Hopkins understandingly and voluntarily pleaded guilty to the 1968 assault charges. We thus conclude the 1968 convictions were not constitutionally invalid. *See Washington,* 886 F.2d at 157; *Dickens,* 879 F.2d at 411–12.

■ Hopkins next claims his two 1968 assault convictions only count as one conviction under § 924(e)(1) because they arose from a single criminal episode. *See United States v. Rush,* 840 F.2d 580, 581–82 (8th Cir.1988). Hopkins thus contends he has only two rather than the necessary three earlier convictions. We disagree. Hopkins first stabbed one victim with a knife inside a tavern after an argument. About twenty-five minutes later outside the tavern, Hopkins shot at a different victim who had called the police and was approaching Hopkins's girlfriend. These assaults happened at different times and places and had different motivations. Although Hopkins committed the two assaults within minutes of each other, we conclude the assaults were separate and distinct criminal episodes that did not result from a continuous course of conduct. *See United States v. Brady,* 988 F.2d 664, 668–69 (6th Cir.) (en banc) (two robberies within forty-five minutes were separate criminal episodes), *petition for cert. filed,* No. 92–9206 (U.S. June 21, 1993); *United States v. Tisdale,* 921 F.2d 1095, 1098–99 (10th Cir.1990) (three successive burglaries in a shopping mall in one night were separate criminal episodes), *cert. denied,* —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Washington,* 898 F.2d 439, 442 (5th Cir.) (two robberies of the same store in same night were separate criminal episodes), *cert. denied,* 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Schieman,* 894 F.2d 909, 913 (7th Cir.) (assault minutes after a burglary was a separate criminal episode), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). Thus, Hopkins had three earlier convictions from separate criminal episodes, and the district court properly enhanced Hopkins's sentence.

Having carefully considered all of the contentions raised by the defendants, we affirm.