No. 95-4243

United States of America,                    *
                                             *
         Appellee,                           *
                                             *   Appeal from the United States
              v.         *                   District Court for the Western
                                             *   District of Missouri.
John Gray, also known as                     *
Jon Gray,                                    *
                                             *
         Appellant.                          *


Submitted:  May 15, 1996

Filed:  June 6, 1996


Before BOWMAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

   John Gray was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Because Gray had three previous burglary convictions, the district court[1] found that he qualified for the sentence enhancement provided in the Armed Career Criminal Act ("ACCA"). That statute, see 18 U.S.C. § 924(e)(1), imposes a minimum fifteen-year sentence on "a person who violates [18 U.S.C. § 922(g)(1)]" if he or she "has three previous convictions ... for a violent felony ... committed on occasions different from one another."  Pursuant to this statute and the relevant federal sentencing guideline, see U.S.S.G.

_____

   [1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

§ 4B1.4(a), the district court sentenced Gray to 236 months in prison and five years supervised release.  We affirm.

The parties do not dispute the relevant facts.  On January 3, 1982, Gray burgled two houses in Springfield, Missouri.  (The two houses were located very close to each other.)  On January 12, 1982, he burgled a third house.  He was convicted of three counts of burglary and sentenced to three concurrent terms of five years imprisonment.  The sole issue on appeal is whether the district court properly found that Gray was an armed career criminal and enhanced his sentence accordingly.  Gray contends that he is not an armed career criminal because only one, or at most two, of his burglary convictions can serve as predicate felonies for purposes of the ACCA.

Gray first asserts that the district court was entitled to  consider only one of his burglary convictions because he was not sentenced, punished or rehabilitated, and released before being convicted of the second and third offenses.  We have specifically rejected this argument in previous cases, holding that the ACCA does not require that the predicate felonies be separated by conviction and punishment.  Discrete criminal episodes, rather than dates of convictions, trigger the enhancement.  See, e.g., United States v. McDile, 914 F.2d 1059, 1061 (8th Cir. 1990) (per curiam), cert. denied, 498 U.S. 1100 (1991), and United States v. Rush, 840 F.2d 580, 581-82 (8th Cir. 1988).

Gray argues in the alternative that only two of his convictions should count as predicate felonies because he burgled two houses on the same day.  He claims that only twenty-five minutes elapsed between the burglaries.  In other words, he urges us to hold that he committed the burglaries on two occasions rather than the required three.  We believe, however, that this case is controlled by United States v. Hamell, 3 F.3d 1187 (8th Cir. 1993),

cert. denied, 114 S. Ct. 1121 (1994). In Hamell, we held that two assault convictions, for incidents occurring twenty-five minutes apart (the defendant stabbed one victim in a bar and then shot a second outside the bar), were separate offenses under the ACCA. Id. at 1191.

The principle that we announced in Hamell is sufficiently broad to govern the outcome of this case. In fact, in Hamell we cited with approval several decisions from other circuits that had held that multiple burglaries committed on the same day were separate offenses under the ACCA. Id., citing United States v. Brady, 988 F.2d 664, 668-70 (6th Cir.) (en banc), cert. denied, 114 S. Ct. 166 (1993); United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990), cert. denied, 502 U.S. 986 (1991); and United States v. Washington, 898 F.2d 439, 440-42 (5th Cir.), cert. denied, 498 U.S. 842 (1990). Other circuits, moreover, have reached the same result. See, e.g., United States v. Hudspeth, 42 F.3d 1015, 1019-24 (7th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 2252 (1995); United States v. Rideout, 3 F.3d 32, 33-35 (2d Cir.), cert. denied, 114 S. Ct. 569 (1993); and United States v. Antonie, 953 F.2d 496, 498-99 (9th Cir. 1991), cert. denied, 506 U.S. 846 (1992).

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-