# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Aaron M. DeRoo, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: June 15, 2001
Filed: July 10, 2001

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Aaron DeRoo was sentenced twice to 210 months as an armed career criminal under 18 U.S.C. § 924(e) for being a felon in possession of ammunition. On this appeal from the district court's resentencing after a remand of his petition under 28 U.S.C. § 2255, he again challenges the basis for his armed career criminal status. Since the record is still unclear, we vacate his sentence and remand.

Congress provided a sentencing enhancement provision for defendants who fit

the category of armed career criminal. The statute provides that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, *committed on different occasions from one another* . . . shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1) (emphasis added). If a violator does not have three previous convictions for a violent felony or serious drug offense, however, he "shall be fined as provided in this title, imprisoned not more than 10 years or both." § 924(a)(2).

If a defendant has three previous convictions for a "violent felony" or a "serious drug offense" which are "committed on occasions different from one another," he is an armed career criminal and his sentence must be at least fifteen years. § 924(e). To qualify, the three convictions must be distinct criminal episodes which are not part of a continuous course of conduct. See United States v. Gray, 85 F.3d 380, 381 (8th Cir. 1996); United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993). It is possible for criminal acts committed on the same day to be separate offenses under § 924(e) even if they were not separately prosecuted. See Gray, 85 F.3d at 3811, Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Although not entirely clear from the plea hearing and original sentencing transcripts, the district court indicated to DeRoo that the indictment charged him with having committed three predicate offenses under § 924(e), including a 1989 plea to three counts of burglary, a 1990 plea to one burglary, and a 1992 plea to two counts of a controlled substance offense. It sentenced him as an armed career criminal to 210 months.

DeRoo filed a § 2255 petition asking that his conviction and sentence be vacated. The district court declined to rule on the merits because of a waiver provision

in DeRoo's plea agreement, but this court granted a certificate of appealability on an issue not relevant here and then examined the record to be sure that there were three predicate offenses for the enhancement. We held that DeRoo's drug convictions could not count as predicate offenses for purposes of § 924(e), see DeRoo v. United States, 223 F.3d 919, 926 (8th Cir. 2000), and we went on to observe that the record did not reveal a third predicate offense. If there was none, DeRoo should be sentenced under § 924(a)(2). See id. at 926-27.

The case was remanded, and the parties presented their respective arguments to the district court. The government argued that the 1989 plea to three counts of burglary actually involved three separate violent felonies. DeRoo argued that the district court and this court had already decided that issue,[1] that the government had waived the argument,[2] and alternatively that an evidentiary hearing would be needed to determine if the three counts were separate felonies. The district court looked at the state court complaint and noted that a number of 1989 burglaries had been committed by DeRoo in various cabins over a period of a month. It concluded that there were sufficient predicates and again sentenced DeRoo as an armed career criminal for purposes of § 924(e) and United States Sentencing Guidelines § 4B1.4.

Although the district court relied on the 1989 complaint and presentence report

---

[1]This court's prior decision did not resolve the issue of whether the 1989 burglaries were separate predicate offenses. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). Any determination the district court may have made previously is not binding at a de novo resentencing hearing. See United States v. Kang, 197 F.3d 927, 928 (8th Cir. 1999).

[2]DeRoo raises the waiver argument for the first time in his reply brief. We do not generally consider arguments raised for the first time in a reply brief, and there is no reason to deviate from that rule in this case. See Wiener v. Eastern Ark. Planting Co., 975 F.2d 1350, 1357 n.6 (8th Cir. 1992).

in considering whether the 1989 burglaries were distinct criminal episodes, the record does not identify which were the three burglaries for which DeRoo had entered a guilty plea. This court is unable to determine from the record when or where the burglaries of conviction occurred (or whether they were consolidated for sentencing which DeRoo argues may be important for determining his criminal history). Since we cannot determine whether there were separate burglaries in 1989 or whether they were part of a continuous course of criminal conduct, we vacate DeRoo's sentence and remand for resentencing after full examination of the 1989 convictions and relevant findings by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.