# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3421

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Aaron M. Deroo, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 15, 2002
Filed: September 27, 2002

_____

Before MURPHY, HEANEY, and BRIGHT, Circuit Judges.

_____

MURPHY, Circuit Judge.

Aaron Deroo[1] pled guilty to being a felon in possession of ammunition and later filed an appeal (on December 4, 1998) from the denial of his post conviction motion under 28 U.S.C. § 2255. The matter has been before the court twice previously and remanded both times for further proceedings. A panel ruled at the first stage of Deroo's appeal that his § 2255 motion was not barred by a waiver provision in his plea agreement and that he had not received ineffective assistance of counsel

_____

[1]Although Deroo's name has sometimes been spelled with a capital "R," it appears that this spelling is correct.

in connection with his guilty plea. Both remands have related to his sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On the most recent remand we directed the district court to conduct a full examination of Deroo's prior burglary convictions to determine whether they qualify as predicate offenses under the statute. United States v. DeRoo, 13 Fed. Appx. 436, 438 (8th Cir. 2001) (unpublished) (per curiam). The district court held a hearing, studied the record, and then issued written findings concluding that Deroo had four qualifying felonies, one more than necessary. Deroo appeals, and we affirm.

## I.

Deroo was charged in United States District Court for the District of North Dakota with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), after a search warrant was executed at his residence and more than 65 rounds of ammunition were found. He pled guilty pursuant to a plea agreement, and was sentenced under the ACCA. § 924(e)(1). This statute applies if a defendant has had three previous convictions for a violent felony or serious drug crime. The court found that Deroo qualified as an armed career criminal because of burglary convictions in 1989 and 1990 and two controlled substance offenses to which he pled in 1992. He was sentenced to 210 months.[2] See United States Sentencing Commission, Guidelines Manual, § 4B1.4.

In 1989 Deroo and an accomplice, Spencer Tranby, had been apprehended while committing a burglary in Becker County, Minnesota. Following their arrest for the Becker County burglary, Deroo and Tranby confessed to eleven other burglaries they had committed in Hubbard County, Minnesota between May and June 1989. Deroo was charged in state court with six counts of second degree burglary for the

---

[2]Deroo escaped from the jail where he was being held while awaiting sentencing but was apprehended a day later.

-2-

Hubbard County burglaries. He pled guilty in October 1989 under the first three counts, in each instance pleading to the lesser included offense of third degree burglary. He was later charged with second degree burglary for the Becker County offense, and he pled guilty to it in January 1990. Both sides agree that the 1990 conviction is a qualifying prior felony under the ACCA.

Deroo's plea agreement for his federal conviction for felon in possession contained a provision waiving his right to "any appeal or other post-conviction relief." Deroo did not attempt to appeal from the judgment, but he did petition to vacate his conviction and sentence under 28 U.S.C. § 2255, claiming he had received ineffective assistance of counsel. The district court declined to rule on the merits of the petition because of the appellate waiver provision. We granted a certificate of appealability on the issue of whether Deroo's petition was barred by the waiver. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). A panel of this court concluded that it was not, but that Deroo's counsel had not been ineffective. The panel ruled sua sponte, however, that Deroo's drug convictions could not count as predicate offenses under the ACCA because they were not "serious drug offenses." Id. at 923-27. The court found that it was unclear from the record whether Deroo otherwise had three qualifying felony convictions, id. at 927, and remanded for reconsideration of his sentence.

On remand the government asserted that Deroo's Hubbard County burglary convictions from 1989 were sufficient to bring him under the ACCA because they were separate violent felonies. Deroo argued that he believed the issue had already been decided in his favor, but that an evidentiary hearing would be needed if it had not. The district court ruled that the issue had not been determined and that Deroo had committed a sufficient number of violent felonies to invoke the ACCA, including a number of burglaries in Hubbard County over a period of one month. It found that an evidentiary hearing was unnecessary and again sentenced Deroo to 210 months as an armed career criminal.

Deroo appealed, and we vacated the sentence because it was not clear from the district court's order which burglaries it had relied on, when or where the burglaries had occurred, and whether they were separate offenses or part of a continuous course of criminal conduct. DeRoo, 13 Fed. Appx. at 438. We remanded with directions to resentence Deroo after "full examination of the 1989 convictions and relevant findings." Id.

The district court convened the parties once again and heard arguments. It also examined court records from the 1989 convictions, including the complaint and the transcript of the change of plea hearing. These records showed that Deroo confessed to having burglarized eleven cabins on six lakes between May and June 1989, that he was charged with the burglary of six, and that he pled guilty to three. The court made findings regarding the location and timing of these three burglaries and determined that each counted as a predicate offense for purposes of the ACCA. It concluded that these three felonies, together with the 1990 Becker County conviction, gave Deroo four qualifying convictions, one more than necessary under the statute. Deroo sought to provide his own testimony, and that of his accomplice Tranby, that they had committed the three 1989 burglaries within approximately one hour.

Deroo again appealed, contending that the district court had failed to conduct a full examination of the 1989 convictions and had denied him an opportunity to present evidence. He argued that the 1989 burglaries do not qualify as predicate offenses because they were part of a continuous course of criminal conduct and took place in close temporal proximity. After the conclusion of briefing and the court's decision that oral argument was not needed, he moved on May 9, 2002 to substitute new counsel and requested time to file a supplemental brief. We granted his requests, and substituted counsel submitted a brief with substantially similar arguments to those previously made and also moved to supplement the record with a June 2002

affidavit signed by Deroo and the June 2002 deposition transcript of Spencer Tranby.[3] The two claimed in their testimony that they had committed the three 1989 burglaries to which Deroo pled within approximately one hour. Deroo's affidavit asserts that the burglaries were committed as part of "a single continuous course of conduct" conceived at a "single planning session." Deroo's counsel asked Tranby at his deposition whether the two "had a single specific plan" that was "followed . . . without deviation." Tranby responded "yeah."

## II.

Congress passed the ACCA to protect the public from continuing crimes by armed felons. See generally H.R. Rep. No. 98-1073, at 1-3 (1984). It provides a minimum sentence of fifteen years if a defendant qualifies as an armed career criminal. 18 U.S.C. § 924(e). This classification applies to a defendant convicted of being a felon in possession of a weapon or ammunition who has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1). The term "violent felony" includes felony burglaries. § 924(e)(2)(B)(ii).

To qualify as predicate offenses under the statute, each conviction must be a separate and distinct criminal episode, rather than part of a continuous course of conduct. See United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993). See also United States v. Gray, 85 F.3d 380, 381 (8th Cir. 1996). Crimes occurring even minutes apart can qualify, however, if they have different victims and are committed in different locations. See Gray, 85 F.3d at 381 (two burglaries of houses located near each another within a twenty five minute period); Hamell, 3 F.3d at 1191 (two assaults within twenty five minutes; one inside a bar, the other outside).

---

[3]Counsel for the government received notice of this deposition only three days before it was taken and was unable to attend and cross examine Tranby.

On remand the district court examined records relating to Deroo's prior convictions, including his own testimony from the 1989 change of plea hearing. These materials indicated that in 1989 Deroo had confessed to burglarizing cabins between May and June of that year on Spider Lake, Boulder Lake, Island Lake, Third Crow Wing Lake, Stoney Lake, and East Crooked Lake. Deroo pled guilty to third degree burglary under the first three counts against him. The first count involved a cabin on Spider Lake which Deroo and Tranby broke into and from which they took various property including a fish locator, twenty arrows, a stereo, and alcoholic beverages. The second burglary count involved a cabin on Boulder Lake, from which the two stole a revolver, a 35 mm camera, jewelry, liquor, and other items. The third conviction was a burglary of a cabin on Island Lake, from which they took a rifle, fishing equipment and a bottle of liquor. Each cabin had a different owner. Even if Deroo's assertion that the three burglaries occurred within an hour of one another were correct, the burglaries involved breaking into three separate homes located on different lakes and unrelated victims who suffered individual losses of varying types of property. Cf. Gray, 85 F.3d at 381. The district court did not err by finding that these burglary convictions were three separate felonies under the ACCA. See United States v. Johnson, 285 F.3d 744, 748 (8th Cir. 2002) (standard of review).

The district court was instructed to make a full examination of the 1989 convictions and to enter findings as to whether they were separate offenses or part of a continuing course of criminal conduct. Although Deroo claims that the district court was required to receive his testimony, we left it to the discretion of the judge to assess whether an evidentiary hearing would be a necessary part of such an examination. A district court generally has discretion to determine the appropriate procedure to follow in conducting a sentencing hearing, including whether to allow testimony or to receive additional evidence. United States v. Granados, 202 F.3d 1025, 1027-28 (8th Cir. 2000). See also United States v. Boyles, 235 F.3d 1057, 1057 (8th Cir. 2000) (per curiam) (court may consider specific facts underlying convictions but is not required to do so). While it might have been preferable if the

district court had given Deroo the opportunity to add to the record, we cannot say that it abused its discretion in declining to hear the proffered testimony of Deroo and Tranby. Since the proffered testimonial material offered in June of this year was not part of the record before the district court, Deroo's motion to supplement the record is denied. Cf. United States v. Elizalde-Adame, 262 F.3d 637, 640-41 (7th Cir. 2001). We have nevertheless carefully examined the material, and see that it adds very little to the arguments previously made by Deroo.

## III.

The court has given Deroo ample opportunity over several years to argue his § 2255 motion, itself raising the ACCA issue and twice remanding it for further consideration by the district court. In the end, however, Deroo has been unable to show that the district court erred in determining that he qualifies as an armed criminal offender or that it erred in its application of the ACCA. We therefore affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.