# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1413

_____

United States of America,

        Appellee,

    v.

David Eugene Wright,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: November 19, 2009
Filed: December 14, 2009

_____

Before MURPHY, SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

David Eugene Wright pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wright had three prior felony convictions. In his plea agreement, he reserved the right to argue that two of them – aggravated robberies on the same date – should not be treated as two separate convictions for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The ACCA applies when the defendant has previously been convicted, on different occasions, of three or more violent felonies or serious drug offenses. Wright argues that his two robbery convictions should be treated as only one violent felony under the ACCA, because they were a continuous course of conduct, arising out of one incident, committed ten minutes apart, and close in proximity.

This Court reviews de novo the finding that prior convictions are predicate offenses under the ACCA. *United States v. Ross*, 569 F.3d 821, 823 (8th Cir. 2009). If the ACCA applies, it carries a mandatory minimum sentence of fifteen years (which Wright received).

Wright drove between the two robberies. The two victims were unrelated. The district court[1] took judicial notice, based on his familiarity with the area, that there is a substantial distance between the two locations. The court applied the ACCA.

For convictions to be committed on different occasions for purposes of the ACCA, they must be separate and distinct criminal episodes that did not result from a continuous course of conduct. *United States v. DeRoo*, 304 F.3d 824, 828 (8th Cir. 2002); *United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir. 1993). As the facts here are virtually indistinguishable from *DeRoo*, the district court correctly determined that Wright's two robbery convictions were separate violent felonies, triggering the ACCA.

Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms the judgment of the district court.

_____

[1]The Honorable Michael J. Davis, Chief United States District Judge for the District of Minnesota.