# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3183

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Todd Clark, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: March 24, 2011
Filed: March 24, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Todd Clark pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 180 months in prison as an armed career criminal (ACC) under 18 U.S.C. § 924(e)(1), which mandates imprisonment of not less than 15 years for a § 922(g) offender who has three previous convictions for a violent felony or a serious drug offense committed on occasions different from one another. Clark appeals. His

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning Clark's ACC status.

We hold that the district court properly sentenced Clark as an ACC. The record showed, and Clark conceded, that he had previous convictions for three burglaries, committed on three different days over a three-month period. <u>See</u> <u>United States v. Gray</u>, 85 F.3d 380, 381 (8th Cir. 1996) (discrete criminal episodes, rather than dates of conviction, trigger sentence enhancement under § 924(e)(1); burglaries committed only 25 minutes apart were separate offenses for purposes of § 924(e)(1)). Because of Clark's ACC status, the court had no discretion to sentence him below the 15-year statutory minimum. <u>See</u> <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to depart from statutory minimum is in 18 U.S.C. § 3553(e) and (f), which apply only when government moves for departure based on substantial assistance or defendant qualifies for safety-valve relief).

Having reviewed the record under <u>Penson v. Ohio</u>, 448 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion, and affirm the judgment.

_____