# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3092

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Quinton O. Canton, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: March 12, 2012
Filed: March 19, 2012

———————

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Quinton Canton pleaded guilty to one count of being a felon in possession of ammunition. The District Court[1] sentenced Canton under the Armed Career Criminal Act (ACCA) to the statutory minimum of 180 months in prison. See 18 U.S.C. § 924(e). Canton appeals, and we affirm.

Canton challenges the sentencing court's use of three of his prior convictions as ACCA-qualifying offenses. We review de novo a district court's determination

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

that a defendant's criminal convictions are predicate offenses under the ACCA. United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011).

First, Canton argues that two 1983 Missouri convictions for second-degree burglary were "related" and should only count as "a single criminal episode." Br. of Appellant at 9. In support, Canton maintains that the burglaries in question were only six to eight days apart, "the state court handled both incidents as though they were related," and there was no intervening arrest between the two burglaries. Id. at 10. But the burglaries occurred at two different locations on two different dates, and each was assigned a different case number. See United States v. Deroo, 304 F.3d 824, 828 (8th Cir. 2002) ("Crimes occurring even minutes apart can qualify . . . if they have different victims and are committed in different locations."). The District Court did not err in counting the two burglary convictions as separate offenses for ACCA purposes.

Canton next argues that the burglaries were not violent felonies, as required for application of the ACCA. See 18 U.S.C. § 924(e)(2)(B). This argument is without merit. We have previously determined, as Canton notes in his brief, that a Missouri conviction for second-degree burglary qualifies as a "violent felony" under the ACCA. See United States v. Bell, 445 F.3d 1086, 1090 (8th Cir. 2006).

Canton also challenges the use of his 1991 Missouri conviction for sale of cocaine base as a qualifying ACCA predicate conviction, arguing that it is not a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii) because he was convicted of selling small quantities for just forty dollars. A "serious drug offense" is defined, as relevant here, as a state-law offense involving the distribution of a controlled substance where the offense has a maximum penalty of ten years or more in prison. As Canton acknowledges, his conviction for this class B felony subjected him to a maximum prison sentence of fifteen years. He asks us to look behind the fact of conviction to the underlying facts of his offense and determine that it was not a

serious drug offense.  This we are not permitted to do.  See Taylor v. United States, 495 U.S. 575, 600 (1990).

For his final challenge to the predicate ACCA offenses, Canton argues that all three convictions are too remote to be considered for application of the Armed Career Criminal enhancement.  As he recognizes, however, the ACCA is silent on whether qualifying convictions can be too old to qualify as predicate offenses.  See United States v. Rodriguez, 612 F.3d 1049, 1056 (8th Cir.), cert. denied, 131 S. Ct. 430 (2010).  Still, Canton contends that since he has not been convicted of a "violent felony" in nearly thirty years nor a "serious drug offense" in nearly twenty years, the three convictions should not be counted as ACCA-qualifying offenses.  Because Congress gave no indication that it thought there should be a time limit on ACCA predicate convictions, we decline to impose one here.  See id.

Finally, Canton contends that his sentence is unreasonable under the U.S. Sentencing Guidelines in light of 18 U.S.C. § 3553(a) and constitutes cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, reiterating his previous arguments.  We consider the substantive reasonableness of a Guidelines sentence under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  We review the constitutional question de novo.  United States v. Patten, 664 F.3d 247, 251–52 (8th Cir. 2011).

Because Canton was sentenced to the statutory mandatory minimum under the ACCA, "'reasonableness' under the Guidelines is not implicated."  United States v. Samuels, 543 F.3d 1013, 1021 (8th Cir. 2008), cert. denied, 129 S. Ct. 1921 (2009).  As for Canton's argument that his sentence is "grossly disproportionate to the underlying offense for possession of ammunition," Br. of Appellant at 19, we have, as Canton admits, previously concluded that the ACCA's statutory minimum sentence of fifteen years is not cruel and unusual punishment in such circumstances.  See United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009).

The sentence imposed by the District Court is affirmed.

_____