# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2265

———————————————

United States of America

*Appellee*

v.

Bryan Colby Chappell

*Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas

——————————

Submitted: January 14, 2013
Filed: January 29, 2013

——————————

Before MURPHY, ARNOLD, and COLLOTON, Circuit Judges.

——————————

ARNOLD, Circuit Judge.

Bryan Chappell pleaded guilty to possessing counterfeit currency, 18 U.S.C. § 472, and being a felon in possession of a firearm, 18 U.S.C. § 922(g). The district court[1] calculated his sentencing range as 135 to 168 months but concluded that he

———————————————

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

was subject to a fifteen-year (180-month) minimum prison sentence under the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(1), and sentenced him to 240 months' imprisonment. On appeal, Chappell maintains that the court erred in concluding that he was an armed career criminal under the ACCA and that his prison sentence is unreasonable. We affirm.

I.

A defendant convicted of violating § 922(g) who has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is deemed an armed career criminal. 18 U.S.C. § 924(e)(1). Chappell acknowledges that he had a conviction for a drug offense, but he contends that he committed a predicate crime on only one other occasion and thus was not an armed career criminal. He argues that his 1991 convictions for burglary, arson, and murder -- crimes that he committed on the same day -- should have counted as one, rather than two, "previous convictions" under the ACCA because the crimes all occurred on the same "occasion." The district court concluded that his murder conviction was for a predicate offense separate from his convictions for burglary and arson. We review the issue *de novo*. *See United States v. Willoughby*, 653 F.3d 738, 741 (8th Cir. 2011).

At sentencing, Chappell testified about the crimes underlying his 1991 convictions as follows. An individual named Hubert Hess, who had stolen Chappell's tools, told Chappell that they were located at the home of Terry Hill. Hess and Chappell then drove Hess's van to Hill's home. The house was empty but the door was unlocked, and Hess and Chappell entered. Chappell discovered that the tools were not where Hess had said that they would be, concluded that Hill had taken them, and set Hill's house on fire. After Hess said that he didn't want anything to do with the fire, Chappell knocked him to the ground, kicked him in the face, dragged him to the van, and put him in the passenger's seat. Chappell then drove home to retrieve a

-2-

gun.  Taking the gun with him, Chappell drove the van carrying Hess to a nearby bridge, shot him to death, and threw the body in a ditch.

Under the ACCA, each distinct "criminal episode" -- as opposed to a "continuous course of conduct" -- is a separate predicate offense, regardless of the "date of the convictions or the number of trials or pleas resulting in those convictions." *United States v. Mason*, 440 F.3d 1056, 1057-58 (8th Cir. 2006).  And we have indicated that a criminal offense is a distinct criminal episode when it occurs in a different location and at a different time.  For example, in *United States v. Hamell*, 3 F.3d 1187, 1191 (8th Cir. 1993), *cert. denied*, 510 U.S. 1138 & 1139 (1994), we concluded that the defendant's two assaults committed within minutes of each other were separate predicate offenses under the ACCA:  The defendant had first stabbed someone inside a tavern after an argument.  "About twenty-five minutes later outside the tavern, [he] shot at a different victim who had called the police and was approaching [the defendant's] girlfriend."  *Id.*  After noting that the assaults "happened at different times and places and had different motivations," we held that they "were separate and distinct criminal episodes that did not result from a continuous course of conduct."  *Id.*  "Discrete criminal episodes, rather than dates of convictions, trigger the enhancement."  *United States v. Gray*, 85 F.3d 380, 381 (8th Cir. 1996).  We believe that Chappell's murder conviction is similarly based on a criminal episode separate from the burglary and arson, because the crimes occurred at different locations, against different victims, and at different times.

We conclude that *Willoughby*, 653 F.3d at 741, which Chappell relies on, is easily distinguished.  In that case, a confidential informant told the defendant that he and an undercover police officer accompanying him wanted to buy drugs from the defendant.  We held that the defendant's sale of drugs "to the officer and, seconds later," to the CI, were not "separate and distinct criminal episodes" but instead "one continuous course of conduct" because they were "committed, in essence, simultaneously."  *Id.* at 741–42 (quotations and citation omitted).  Similarly, in

-3-

*United States v. Petty*, 828 F.2d 2, 3 (8th Cir. 1987) (per curiam), we held that the defendant's "simultaneous" robbery of six persons in a restaurant constituted a single criminal episode, even though the defendant was convicted of six counts of armed robbery for this conduct. Here the murder did not occur at the same time as the burglary and arson, and though the pause between the crimes was not long, they were "still committed on different occasions" because they "reflect distinct aggressions." *See United States v. Davidson*, 527 F.3d 703, 710 (8th Cir. 2008) (internal citation and quotation marks omitted), v*acated in part on other grounds*, 551 F.3d 807 (8th Cir. 2008). As we have noted, Chappell committed the murder after the arson, at a different location, and against a different victim. We therefore believe that the offenses occurred on different occasions and were two separate predicate offenses under § 924(e) that, with the drug offense, properly resulted in Chappell's classification as an armed career criminal.

## II.

Chappell also challenges his sentence as unreasonable. We review for an abuse of discretion, giving great deference to the district court when determining the reasonableness of a sentence: it will be the unusual case when we reverse a district court sentence as substantively unreasonable. *United States v. Elodio–Benitez*, 672 F.3d 584, 586 (8th Cir.2012).

Chappell contends that, in sentencing him, the district court erroneously considered the fact that he had been released before serving his full sentence for his state murder conviction. But it did not consider that fact in isolation. Rather, the court observed that after receiving the benefit of early release, Chappell had committed additional crimes, a matter that related to Chappell's "history and characteristics," *see* 18 U.S.C. § 3553(a)(1). And the court had an opportunity to assess Chappell's character further because he chose to testify at sentencing. Chappell described the violent crimes that he had committed and, though the testimony was intended to show that the murder occurred on the same "occasion" as

the burglary and arson under the ACCA, *see* 18 U.S.C. § 924(e)(1), the district court relied on his testimony to make findings relevant to some of the factors it had to consider at sentencing under 18 U.S.C. § 3553(a). The court said that it had hoped that Chappell's testimony would express remorse for the murder and show that Chappell recognized that he had committed "terrible" acts. But the court found that Chappell showed no remorse, and described him as having testified instead about how he had committed the acts because he was "mad" because Hess "stole [his] tools. And so [he had] burned down the house and ... killed him." Our reading of the record reveals that the court simply and appropriately considered matters relevant to the defendant's character, and we detect no abuse of discretion here. We also reject Chappell's contention that the court failed to consider his health and age; it specifically noted that Chappell sought a lower sentence because he was old and in poor health.

Affirmed.

_____