# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2115

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory E. Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 11, 2014
Filed: December 5, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In a Kansas City, Missouri, motel room Gregory Mitchell attempted to sell a stolen firearm to an undercover detective. The detective declined the offer, and when Mitchell later left the motel in his car, officers who had been conducting surveillance on the motel stopped him. They found Mitchell with the stolen firearm, loaded and its serial number filed off, and other contraband.

Mitchell, a felon, pleaded guilty to unlawfully possessing the firearm, 18 U.S.C. § 922(g)(1), and possessing a firearm with an obliterated serial number, id. § 922(k). The district court[1] agreed with the probation officer who had prepared Mitchell's presentence report that, because Mitchell has at least three prior convictions for a violent felony, he is an armed career criminal under 18 U.S.C. § 924(e). Having made that finding, the court sentenced Mitchell to the statutory minimum penalty of 15 years' imprisonment.

Mitchell appeals and argues only that his sentence is unlawful because the indictment did not allege, and the government was not required to prove to a jury beyond a reasonable doubt, that he has three prior convictions for violent felonies. We review Mitchell's challenge de novo, see United States v. Chappell, 704 F.3d 551, 552 (8th Cir. 2013), and we affirm. As held in Almendarez-Torres v. United States, 523 U.S. 224, 245–47 (1998), the fact of a prior conviction is not an element of an offense that must be alleged in an indictment and proved to a jury beyond a reasonable doubt. The Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2160 n.1 (2013), did not affect its ruling in Almendarez-Torres, so we must reject Mitchell's argument and adhere to Supreme Court precedent. See United States v. Melbie, 751 F.3d 586, 587 n.2 (8th Cir. 2014).

The judgment of the district court is affirmed.

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.