STRAS, Circuit Judge, concurring.
 

 I concur in the court's opinion, but I write separately to once again question why we allow judges, rather than juries, to determine whether offenses were "committed on occasions different from one another."
 
 18 U.S.C. § 924
 
 (e)(1) ;
 
 see also
 

 United States v. Perry
 
 ,
 
 908 F.3d 1126
 
 , 1134-36 (8th Cir. 2018) (Stras, J., concurring). The resolution of this issue can trigger a lengthy mandatory-minimum sentence, yet
 we continue to treat it as if it were just another sentencing fact-or possibly even a question of law,
 
 see
 

 United States v. Humphrey
 
 ,
 
 759 F.3d 909
 
 , 911-12 (8th Cir. 2014) (reviewing the different-occasions question de novo). This shortchanges criminal defendants, whose Sixth Amendment jury-trial rights are undermined every time a judge unilaterally decides not to pass the question on to a jury.
 

 As I have said before, the law is simple.
 
 See
 

 Perry
 
 ,
 
 908 F.3d at 1134
 
 . The Supreme Court has repeatedly told us that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000) ;
 
 see also
 

 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 , 117,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013). To be sure, there is an exception that allows courts to find "the fact of a prior conviction."
 
 Apprendi
 
 ,
 
 530 U.S. at 490
 
 ,
 
 120 S.Ct. 2348
 
 . But this exception is exceedingly narrow, limited to "determin[ing] what crime, with what elements, the defendant was convicted of."
 
 Mathis v. United States
 
 , --- U.S. ----,
 
 136 S. Ct. 2243
 
 , 2252,
 
 195 L.Ed.2d 604
 
 (2016). "That means a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense."
 

 Id.
 

 Yet we allow district courts to do more-indeed, much more-and find any "recidivism-related fact[ ]," including whether prior offenses were committed on different occasions.
 
 United States v. Harris
 
 ,
 
 794 F.3d 885
 
 , 887 (8th Cir. 2015). Sometimes this is easy, when crimes were committed years apart, perhaps even in different parts of the country. Other times, the question is close. This is one of those cases. But in every case, regardless of whether the resolution is easy or hard, criminal defendants are entitled to a jury determination of a fact that can expose them to a longer mandatory prison term.
 
 See
 

 Alleyne
 
 ,
 
 570 U.S. at 117
 
 ,
 
 133 S.Ct. 2151
 
 .
 
 Compare
 

 18 U.S.C. § 924
 
 (a)(2) (default 10-year statutory maximum),
 
 with
 

 id.
 

 § 924(e)(1) (15-year statutory minimum for armed career criminals).
 

 The unique facts of this case highlight just how troublesome our approach can be. The facts here are, at best, confusing, largely because the documents on which we have come to rely openly conflict with one another.
 
 See generally
 

 Shepard v. United States
 
 ,
 
 544 U.S. 13
 
 , 20-21,
 
 125 S.Ct. 1254
 
 ,
 
 161 L.Ed.2d 205
 
 (2005). The charging document, for example, originally indicated that two of McDaniel's three crimes occurred on the same day. But at some point someone with access to the document-we do not know who-made a handwritten amendment specifying that the three crimes were committed on three different dates. A transcript of the state-court proceedings likewise reflects an agreement between McDaniel, his lawyer, and the prosecutor that the offenses occurred on separate dates. Yet the final judgment of conviction, which presumably postdates everything else, says that two of the three crimes occurred on the same day. What we have here, in other words, is a good ol' fashioned factual dispute.
 

 In resolving it, the district court did what a jury would have done. It reviewed the conflicting records, listened to the arguments of counsel, and then decided when the offenses occurred, based largely on its view that the "verbatim transcript of the colloquy" was "most persua[sive]." Resolving this type of factual dispute, however, is a long way from the narrow power to decide "what crime ... [McDaniel] was convicted of."
 
 Mathis
 
 ,
 
 136 S. Ct. at 2252
 
 (emphasis added).
 

 To be sure, McDaniel waived his right to a jury trial. But our precedents would have
 required the same approach even if he had not. So even though McDaniel himself might not have been deprived of his Sixth Amendment rights,
 
 [4]
 
 others have been and, if nothing changes, will continue to be.
 

 It is also possible that the manner in which the district court resolved the different-occasions question violated the Fifth Amendment requirement that the government prove "all elements of the offense charged ... beyond a reasonable doubt."
 
 Sullivan v. Louisiana
 
 ,
 
 508 U.S. 275
 
 , 277-78,
 
 113 S.Ct. 2078
 
 ,
 
 124 L.Ed.2d 182
 
 (1993) (internal quotation marks and citations omitted);
 
 see also
 

 Alleyne
 
 ,
 
 570 U.S. at 117
 
 ,
 
 133 S.Ct. 2151
 
 (explaining that an "element" is something that "increase[s] the penalty to which the defendant [is] subjected");
 
 cf.
 

 Apprendi
 
 ,
 
 530 U.S. at 490
 
 ,
 
 120 S.Ct. 2348
 
 . But because no one raises this issue, I leave it for another day.