FILED
United States Court of Appeals
Tenth Circuit

October 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

STEVEN DEWAYNE JENKINS,

  Defendant - Appellant.

No. 12-6289
(D.C. No. 5:12-CR-00118-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **KELLY**, and **GORSUCH**, Circuit Judges.[**]

  Defendant-Appellant Steven Jenkins appeals from his sentence after pleading guilty to unlawful possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

---

  [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

  [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Jenkins had four prior convictions for serious drug offenses and was sentenced to 15 years of imprisonment and four years' supervised release under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). He argues that his sentence violates Eighth Amendment protections against cruel and unusual punishment. In support, he claims the sentence is grossly disproportionate to the offense because he possessed the firearm only after being robbed at gunpoint approximately a month earlier. Additionally, he relies on remarks by the district court that the mandatory 15-year sentence may have been unduly harsh under the circumstances.

"The Eighth Amendment contains a narrow proportionality principle that applies to noncapital sentences." United States v. Yeley-Davis, 632 F.3d 673, 682 (10th Cir. 2011) cert. denied, 131 S. Ct. 2172 (2011) (internal quotation marks and citation omitted). It prohibits grossly disproportionate sentences in relation to the crime, though successful challenges on this basis are rare. Id.; see also Ewing v. California, 538 U.S. 11, 21 (2003). Usually a sentence within statutory limits will not be deemed either excessive or cruel and unusual punishment. United States v. Gillespie, 452 F.3d 1183, 1190 (10th Cir. 2006).

Mr. Jenkins' argument is foreclosed; this circuit and every other addressing the ACCA's sentencing requirements have upheld them as constitutional under the proportionality principle of the Eighth Amendment. See, e.g., United States v. Angelos, 433 F.3d 738, 750-53 (10th Cir. 2006); see also United States v.

Nigg, 667 F.3d 929, 931, 938-39 (7th Cir. 2012), cert. denied, 132 S. Ct. 2704 (2012); United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009); United States v. Helm, 502 F.3d 366, 368-69 (5th Cir. 2007); United States v. Gamble, 388 F.3d 74, 77 (2nd Cir. 2004); United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000); United States v. Bonat, 106 F.3d 1472, 1478-79 (9th Cir. 1997); United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995); United States v. Warren, 973 F.2d 1304, 1311 (6th Cir. 1992); United States v. Gilliard, 847 F.2d 21, 27 (1st Cir. 1988).

The minimum sentence imposed by § 924(e)(1) does not take into account the motive for possessing a gun. See Reynolds, 215 F.3d at 1214. This is understandable: the purpose of the sentencing statute is to curb and incapacitate armed, career criminals with a minimum of three prior violent felony or serious drug offense convictions. See United States v. Orona, 724 F.3d 1297, 1309 (10th Cir. 2013); see also Rummel v. Estelle, 445 U.S. 263, 285 (1980) (noting that punishment for recidivism is a matter "largely within the discretion of the punishing jurisdiction"). In this case, Mr. Jenkins does not dispute his four prior convictions for serious drug offenses that subject him to the 15-year statutory minimum. Although the district court noted that a lesser sentence may have been

- 3 -

more appropriate, its remark does not render the sentence unconstitutional.

       AFFIRMED.


                Entered for the Court


                Paul J. Kelly, Jr.
                Circuit Judge