FILED
United States Court of Appeals
Tenth Circuit

August 21, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

STEVEN DEWAYNE JENKINS,

     Defendant - Appellant.

No. 15-6097
(W.D. Oklahoma)
(D.C. Nos. 5:14-CV-01087-HE and
5:12-CR-00118-HE-1)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before, **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

Defendant Steven Jenkins seeks a certificate of appealability (COA) to appeal the

denial of his motion for relief under 28 U.S.C. § 2255 by the United States District Court

for the Western District of Oklahoma. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to

appeal denial of motion under § 2255). He is entitled to a COA only if he "has made a

substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

In district court Defendant raised four grounds for relief: ineffective assistance of

trial counsel in the investigation of this case, a conflict of interest of his trial counsel,

ineffective assistance of trial counsel at sentencing, and ineffective assistance of appellate

counsel for failing to raise the three prior claims of ineffective trial counsel. He later

added an additional claim in anticipation of a decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In this court Defendant raises only his claim based on *Johnson*. But *Johnson* is irrelevant to his prosecution and sentence. *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson* 135 S. Ct. at 2563. True, Defendant was sentenced under the ACCA. But the sentence imposed on Defendant was not based on the voided residual clause. Rather, his ACCA enhancement was under 18 U.S.C. § 924(e)(2)(A). *See United States v. Jenkins*, 535 F. App'x 720, 721 (10th Cir. 2013) (sentence enhancement based on prior convictions for various drug offenses).

It is obvious that *Johnson* can provide no relief to Defendant. We DENY his request for a COA and dismiss the appeal. We GRANT his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

2